**Creitz&**
**Serebin** LLP

Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON TEEPLE, an individual, | |
| Plaintiff, | Case No.:  3:19-cv-502 |
| vs. | |
| THE EMPLOYEE BENEFIT COMMITTEE OF PG&E CORPORATION, in its capacity as Plan Administrator and fiduciary of the Pacific Gas and Electric Company Retirement Plan, and PACIFIC GAS AND ELECTRIC COMPANY RETIREMENT PLAN, | COMPLAINT FOR BENEFITS AND FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |
| Defendants. | |

JURISDICTION

1. Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

VENUE

2. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District.

PARTIES

3. Deon Teeple (hereinafter "Ms. Teeple" or "Plaintiff") is, and at all times mentioned herein was, a beneficiary, within the meaning of ERISA § 3(8), 29 U.S.C. § 1002(8), of the Pacific Gas and Electric Company Retirement Plan (the "Retirement Plan"). At all times relevant hereto, Plaintiff resided in the city of Belmont, California.

4. The Retirement Plan is, and at all times mentioned herein was, an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and administered within this District. The Retirement Plan is named as a defendant in this action to ensure that complete relief can be awarded.

1    5.    Plaintiff is informed and believes that Defendant The Employee

2    Benefit Committee of PG&E Corporation (the "EBC") is, and at all times

3    mentioned herein was, the Plan Administrator of the Retirement Plan within the

4    meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). As Plan Administrator,

5    and as an entity that exercised discretion over Plan administration and assets, the

6    EBC is, and at all times mentioned herein was, a fiduciary within the meaning of

7    ERISA § 3(21), 29 U.S.C. § 1002(21).

8                            FACTUAL ALLEGATIONS

9    6.    Ms. Teeple was the domestic partner of Carlos Martinez ("Mr.

10   Martinez") for the 17 years prior to his death on October 18, 2017. Mr. Martinez

11   was a loyal and hardworking employee of the Pacific Gas and Electric Company

12   ("PG&E") for 34 years.

13   7.    In 2013, Mr. Martinez and Ms. Teeple registered their domestic

14   partnership with the City of San Francisco because Mr. Martinez was told by

15   PG&E's Human Resources Department, as the Plan Administrator's agent, that if

16   Mr. Martinez and Ms. Teeple did so, they would qualify as "spouses" for

17   purposes of PG&E's benefit plans. Section 62.1 of the San Francisco

18   Administrative Code states that the purpose of Section 62 of San Francisco's

19   Administrative Code governing domestic partnerships is "to afford domestic

20   partners, to the fullest extent legally possible, the same rights, benefits,

21   responsibilities, obligations and duties as spouses."

22   8.    After registering and submitting a copy of their domestic

23   partnership certificate to PG&E's Human Resources Department in 2013 as

24   instructed, Ms. Teeple was enrolled in PG&E's health insurance plan and life

25   insurance plan as Mr. Martinez's spouse. For each year thereafter, Mr. Martinez

26   and Ms. Teeple provided evidence of their registered domestic partnership to the

27

28   *TEEPLE v. EBC of PG&E, et al.*
     *COMPLAINT*                            3

Plan Administrator, as required by the Plan Administrator, in order for Ms. Teeple to continue participating in PG&E's benefit plans as Mr. Martinez's spouse. Each year, Mr. Martinez and Ms. Teeple were reassured by PG&E's Human Resources Department, as the Plan Administrator's agent, that their domestic partnership certificate was sufficient for Mr. Martinez and Ms. Teeple to be considered spouses for purposes of PG&E's employee benefit plans.

9.     Mr. Martinez and Ms. Teeple were unable to register as domestic partners with the State of California, because the State of California requires that for opposite-sex couples, at least one of the domestic partners must be age 62. Neither Mr. Martinez nor Ms. Teeple had attained the age of 62 at any time relevant herein.

10.    Mr. Martinez was a participant in the Retirement Plan during his years of employment with PG&E, and accrued a vested retirement benefit under the Retirement Plan. Mr. Martinez's vested retirement benefit included a pre-retirement survivor benefit should he die prior to retirement.

11.    Prior to his sudden death in 2017, Mr. Martinez and Ms. Teeple planned for their retirement to begin in 2018, upon Mr. Martinez's completion of 35 years of service with PG&E. Mr. Martinez's PG&E pension benefits were a central part of their retirement income planning. Mr. Martinez and Ms. Teeple both relied on Mr. Martinez's substantial earnings and retirement benefit accruals under the Retirement Plan as part of their retirement planning.

12.    Because PG&E's other benefit plans and the Plan Administrator all treated Ms. Teeple as Mr. Martinez's spouse, both Mr. Martinez and Ms. Teeple also believed and understood that Ms. Teeple would receive Mr. Martinez's pre-retirement survivor benefits as his spouse upon his death under the Retirement

Plan. At no time after registering their domestic partnership did anyone from PG&E inform them otherwise.

13.     Mr. Martinez died suddenly and unexpectedly on October 18, 2017, just five days after returning from work for PG&E in the Napa and Santa Rosa firestorm. He bravely entered the fire zone in order to carry out his orders to reestablish gas service at certain sites. He quickly realized that it was too dangerous to continue doing so since the fires were still burning and he safely withdrew his crew, protecting them from critical injury.

14.     Following Mr. Martinez's sudden and unexpected death on October 18, 2017, Ms. Teeple submitted a claim for the pre-retirement survivor benefit under the Retirement Plan to PG&E's Human Resources Department. PG&E denied her claim on November 13, 2017, in a brief email that stated that Ms. Teeple was not eligible for survivor benefits under the Retirement Plan because Ms. Teeple was not married to Mr. Martinez at the time of his death. The email attached a copy of a page from the Retirement Plan Summary Plan Description ("SPD"), but did not identify any specific provision of the Retirement Plan Document upon which the denial was based. The excerpt from the Retirement Plan SPD stated that the Retirement Plan "may provide a pension benefit for your spouse or registered domestic partner, or any designated beneficiary, if your death occurs before you retire."

15.     On January 9, 2018, Ms. Teeple appealed the denial of her claim for benefits. Her appeal was denied on April 9, 2018 by John Lowe, in his capacity as a Retirement Plan fiduciary. In the denial, Mr. Lowe stated that "By design, the Plan extended the right to a pre-retirement death benefit to a domestic partner of a participant if the participant and his or her domestic partner had registered their domestic partnership with the Secretary of the State of California." The

1   denial interpreted the word "spouse" in the Retirement Plan Document to

2   include a Retirement Plan participant's domestic partner, but only if the domestic

3   partnership was registered with the State of California, not if it were registered

4   with the City and County of San Francisco. The Retirement Plan Document itself

5   does not address the status of domestic partners as spouses.

6        16.   The denial also referred to provisions of a 2009 Summary of Material

7   Modifications ("SMM") to the Retirement Plan: an email notice from 2009

8   regarding changes in beneficiary designation procedures, beneficiary forms and

9   other material purportedly distributed and/or available to PG&E employees,

10  that contained conflicting and confusing information regarding domestic

11  partners' rights to pre-retirement survivor benefits.

12       17.   Ms. Teeple appealed the denial of her appeal on June 5, 2018. On

13  August 3, 2018, her second appeal was denied by Mary K. King, in her capacity

14  as a Retirement Plan fiduciary and as the EBC's representative. The denial of Ms.

15  Teeple's second appeal repeated the same basis for denying Ms. Teeple's first

16  appeal, interpreting the word "spouse" in the Retirement Plan document to

17  include a participant's domestic partner, but only if the domestic partnership

18  was registered with the State of California. The denial of the second appeal

19  referred to the same conflicting and confusing documents as the denial of the

20  first appeal.

21       18.   Mr. Martinez and Ms. Teeple relied to their detriment on the

22  representations of PG&E's Human Resources Department that their domestic

23  partnership registration with the City of San Francisco was sufficient to qualify

24  them as spouses for purposes of all of PG&E's benefit plans, including the

25  Retirement Plan. Had the Plan Administrator informed them at any time after

26  they registered their domestic partnership that their registered domestic

27

28  *TEEPLE v. EBC of PG&E, et al.*
    *COMPLAINT*                    6

1   partnership was insufficient to qualify Ms. Teeple as Mr. Martinez's spouse for

2   purposes of the Retirement Plan, they would have taken steps to secure Ms.

3   Teeple's access to benefits under the Retirement Plan. Because no such disclosure

4   was made, and because all of the PG&E ERISA-regulated benefit plans other

5   than the Retirement Plan were treating Ms. Teeple as Mr. Martinez's "spouse"

6   based upon their domestic partnership registered with the City of San Francisco,

7   they reasonably assumed that no further action on their part was necessary.

8                          FIRST CAUSE OF ACTION

9                      (Claim for Benefits pursuant to
                           ERISA § 502(a)(1)(B))
10

11                        (against both Defendants)

12      19.     Plaintiff realleges and incorporates by reference all allegations

13   contained in the preceding paragraphs, as if fully stated herein.

14      20.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) permits a plan

15   participant or beneficiary to bring a civil action to recover benefits due to her

16   under the terms of a plan and to enforce her rights under the terms of a plan.

17      21.     ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1 require

18   every employee benefit plan, including an employee welfare benefit plan, to

19   follow certain minimum procedures pertaining to claims for benefits and to

20   provide "adequate notice in writing" to participants whose claims for benefits

21   under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims

22   procedures contain administrative processes and safeguards designed to ensure

23   and verify that benefit claim determinations are made in accordance with

24   governing plan documents and that, where appropriate, plan provisions have

25   been applied consistently with respect to similarly situated claimants.

26      22.     Employee benefit plans must further afford a reasonable

27

28   *TEEPLE v. EBC of PG&E, et al.*
     *COMPLAINT*                          7

1  opportunity for participants to receive a "full and fair review" after a claim for

2  benefits has been denied. ERISA's claims regulation, 29 C.F.R. § 2560.503.1-(g)

3  requires that communications denying benefits must be clear and presented in

4  language that an ordinary participant can understand, and further requires plan

5  administrators to inform participants in such communications what additional

6  information they could should have provided in order to perfect their claim.

7      23.    In committing the acts and omissions herein alleged, Defendants

8  violated ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

9      24.    Plaintiff is informed and believes, and thereon alleges, that

10  Defendants have also violated 29 C.F.R. § 2560.503-1(b)(5) by providing benefits

11  to other participants under circumstances similar to those of Plaintiff.

12  Defendants' adverse benefit determinations are unreasonable and inconsistent

13  with Plaintiff's reasonable expectations to receive benefits under the Plan.

14      25.    As a result of the violations of ERISA by Defendants, and the

15  Retirement Plan's failure to pay benefits to which Plaintiff is entitled, Plaintiff is

16  entitled to recovery pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B),

17  which permits recovery of benefits due under the terms of an employee benefit

18  plan.

19                     SECOND CAUSE OF ACTION

20               (Breaches of Fiduciary Duty Under ERISA § 502(a)(3))

21                        (against Defendant EBC)

22      26.    Plaintiff realleges and incorporates by reference all allegations

23  contained in the foregoing paragraphs, as if fully stated herein.

24      27.    ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries

25  to discharge their duties solely in the interests of employee benefit plan

26  participants and beneficiaries and for the exclusive purpose of providing

27

28  *TEEPLE v. EBC of PG&E, et al.*
   *COMPLAINT*                          8

benefits and defraying reasonable expenses of administering the plan.

28.    ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29.    ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

30.    ERISA § 102(a), 29 U.S.C. § 1022(a), requires employee benefit plans to provide participants with a summary plan description ("SPD") and a summary of any material modification ("SMM") in the terms of the plan. The SPD and SMM must be written in a manner calculated to be understood by the average plan participant. The SPD must also be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan. ERISA § 102(b), 29 U.S.C. § 1022(b) requires that the SPD include any circumstances which may result in disqualification, ineligibility, or denial or loss of benefits. Federal regulations at 29 C.F.R. 2520.102-2(b) require that the format of a summary plan description not have the effect to [*sic*] misleading, misinforming, or failing to inform participants and beneficiaries.

31.    The ERISA fiduciary duties of loyalty and prudence also include a duty of candor, which obligates fiduciaries to communicate honestly and accurately with participants and beneficiaries about matters that could impact eligibility for benefits. This duty arises whether or not the participant has

1   explicitly asked for information.

2         32.    In committing the acts and omissions herein alleged, Defendant

3   EBC breached its fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and

4   (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D); ERISA § 102(a) and (b), 29 U.S.C. §

5   1022(a) and (b); and 29 C.F.R. 2520.102-2(b).

6         33.    Plaintiff is informed and believes, and thereon alleges, that

7   Defendant EBC has awarded benefits to other participants under circumstances

8   similar to those of Plaintiff.  Defendant EBC's failure to provide benefits to

9   Plaintiff as it has done so for other Plan participants in similar circumstances

10   also constitutes a breach of its fiduciary duties in violation of ERISA §§

11   404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), wherefore Plaintiff is

12   entitled to appropriate equitable relief including but not limited to estoppel,

13   declaratory relief, reformation, and surcharge.

14   <u>PRAYER FOR RELIEF</u>

15         WHEREFORE, Plaintiff prays judgment as follows:

16         A.    For an award of benefits under the Plan pursuant to ERISA §

17   502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

18         B.    For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29

19   U.S.C. § 1132(a)(3), including but not limited to (1) reformation; (2) estoppel;  (3)

20   declaratory relief ordering Defendant EBC to comply with ERISA's disclosure

21   requirements; and (4) surcharge for any pecuniary injuries Plaintiff has suffered

22   as a consequence of Defendant EBC's breaches of its ERISA fiduciary duties;

23         C.    For reasonable attorneys' fees and costs incurred by Plaintiff in the

24   prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

25         D.    For pre-judgment interest and post-judgment interest on any and all

26   amounts awarded to Plaintiff; and

27

28   *TEEPLE v. EBC of PG&E, et al.*
     *COMPLAINT*          10

1      E.     For all such other relief as the Court deems appropriate and

2 equitable.

3

4      DATED this 28th day of January, 2019.

5                          **Creitz&**

6                          **Serebin** LLP

7              By      /s/ Lisa S. Serebin

8                          Joseph A. Creitz

9                          Lisa S. Serebin

                          Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28